### H. W. MONROE AND ANOTHER *v.* THE STATE.

LOCAL OPTION. — If a county adopted and afterwards rescinded the local-option law, the abrogation of its provisions in this manner is tantamount to a legislative repeal, and exempts offenders from punishment, whether their cases were pending in the courts of original jurisdiction, or in this court on appeal, at the time the county rescinded its adoption of the law.

APPEAL from the County Court of Gonzales. Tried below before the Hon. J. S. CONWAY, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. Appellants were indicted on April 17, 1879, for an alleged violation of the local-option law, as it is com-

monly styled, in Gonzales County, and were convicted on June 6, 1879 ; from which conviction they perfected this appeal.    At an election held in said county on June 14, 1879, the result of which was ascertained and declared on June 25, 1879, prohibition ceased in that county, and these facts are made satisfactorily to appear to us.    The effect of this action of the qualified voters of Gonzales County is tantamount to the repeal of a statute by ordinary legislative act, and exempts from punishment all violators of the law while it was in force ; and such exemption applies to all cases pending on appeal, in the same manner as if such prosecutions were pending in the courts of original jurisdiction.    *Halpin* v. *The State*, 5 Texas Ct. App. 212 ; *Caplin* v. *The State*, 3 Texas L. J. 204 ; Penal Code, art. 16.

The judgment is reversed and the cause dismissed.

*Reversed and dismissed.*